UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH LINSLEY,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br>Plaintiff<br><br>v.<br><br>FMS INVESTMENT CORP.<br>    Defendant | CASE NUMBER:<br><br>CLASS ACTION<br>COMPLAINT<br><br>TRIAL BY JURY<br>DEMANDED<br><br>JUNE 15, 2011 |

## I. INTRODUCTION

1. Kenneth Linsley brings this suit on behalf of himself and all those similarly situated against FMS Investment Corp., a debt collector, on account of its misrepresentation of and non-compliance with federal student loan rehabilitation and consolidation law as described more fully below in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 *et seq.* ("CUTPA").

## II. PARTIES

2. Kenneth Linsley is a natural person residing in East Haven, Connecticut.

3. The defendant FMS Investment Corp. ("FMS") is a Maryland Corporation headquartered in Schaumburg, Illinois and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts.

1

### III. <u>JURISDICTION</u>

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Connecticut.

### IV. <u>FACTUAL ALLEGATIONS OF PLAINTIFFS' TRANSACTIONS</u>

6. The Plaintiff was a debtor with federal student loans that were placed into default status.

7. The loan was assigned to FMS for collection purposes.

8. FMS sent Plaintiff a letter offering two options to cure the default status of his federal student loans through either rehabilitation or consolidation.

9. The letter, when describing rehabilitation, stated, "Make 9 consecutive agreed upon monthly payments to qualify."

10. The letter, when describing consolidation, stated, "Repay your loan through a new Consolidation Loan after you make 6-consecutive monthly payments. You may be able to consolidate without first making qualifying payments by agreeing to repay your Consolidation Loan under the Income Contingent Repayment Program (ICRP)."

11. Federal law does not require that nine consecutive payments be made for a loan to be rehabilitated. Specifically, 20 U.S.C. § 1078-6 provides that nine payments must be made within ten months. Additionally, only nine payments within ten months must be made under 34 C.F.R. § 685.212(f) with respect to William D. Ford Federal

2

Direct Loan Program ("direct loans") loans and 34 C.F.R. § 682.405(b)(1)(ii) with respect to Federal Family Education Loan Program ("FFEL") loans.

12. Federal law does not require that six consecutive monthly payments be made in order to obtain a consolidation loan.  Specifically, 34 C.F.R. § 685.220(d)(1)(ii)(C) for direct loans and 34 C.F.R. § 682.201(d)(1)(i)(A)(3) for FFEL loans allow consolidation if satisfactory repayment arrangements have been made.  Satisfactory repayment arrangement for consolidation eligibility is defined by 34 C.F.R. § 685.102(b) for direct loans and 34 C.F.R. § 682.200(b) for FFEL loans as the making of three consecutive, voluntary, on-time, full monthly payments on a defaulted loan.

13. Further, 34 C.F.R. § 685.220(d)(1)(ii)(D) allows consolidation without any qualifying payment if the borrower agrees to repay a direct consolidation loan under either the income contingent repayment plan ("ICRP") OR income based repayment plan ("IBR").  For FFEL consolidation loans, 34 C.F.R. § 682.201(d)(1)(i)(A)(3) allows consolidation without any qualifying payment if the borrower agrees to repay under either the income sensitive repayment plan ("ISRP") OR IBR.

## V.  CLASS ALLEGATIONS

14. Paragraphs 1-13 are herein incorporated.

15. Plaintiff brings this action as a class action.

16. Class A is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, FMS sent them a letter as described in paragraphs 8 through 10, a sample of which is attached as Exhibit A.

17. Class B is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within three years of the commencement of this action and continuing to the date that an order is entered certifying this class, FMS sent them a letter as described in paragraphs 8 through 10, a sample of which is attached as Exhibit A.

18. The proposed Classes are so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the classes, although this information is known by the defendant and is readily ascertainable in discovery. Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the classes.

19. There is a community of interest among the members of the proposed Classes in that there are questions of law and fact common to the proposed Classes that predominate over questions affecting only individual members.

20. Plaintiff's claims are typical of those of the Classes that he seeks to represent.

21. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and he has no conflicts with the members of the Classes.

22. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual questions are

subordinate to the common questions of whether FMS violated the FDCPA, and CUTPA by misrepresenting the class members' rehabilitation and consolidation rights.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, or the ability to consolidate with only three qualifying payments or zero if choosing the IBR repayment option, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

## VI.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – CLASS A
### Class A Claims for Violations of 15 U.S.C. §§ 1692 *et seq.*

24. Paragraphs 1 through 23 are herein incorporated.

25. Pursuant to 20 U.S.C. § 1078-6(a)(1), 34 C.F.R. § 685.212(f), and 34 C.F.R. § 682.405(b)(1)(ii), rehabilitation must allow for the required nine payments to be made within a ten month period.

26. Pursuant to 34 C.F.R. § 685.102(b) and 34 C.F.R. § 682.200(b), only three payments are required for consolidation of default loans.

27. Pursuant to 34 C.F.R. § 685.220(d)(1)(ii)(D) and 34 C.F.R. § 682.201(d)(1)(i)(A)(3), borrowers have may avoid making any qualifying payments for consolidation by choosing between ICRP/ISRP or IBR.

28. FMS violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments for rehabilitation were to be made. FMS' violations include, but are not limited to, the following:

   a. It falsely represented the time in which payment could be received to qualify for rehabilitation, in violation of 15 U.S.C. § 1692e(10).

   b. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

   c. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

29. FMS violated the FDCPA by falsely representing the law governing the number of payments required for consolidation and the repayment options available to avoid having to pay any required payments for consolidation. FMS' violations include, but are not limited to, the following:

   a. It falsely represented the number of payments required to qualify for consolidation, and omitted an available repayment option to avoid making any required payments to qualify for consolidation, in violation of 15 U.S.C. § 1692e(10).

   b. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

  c. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

30. Pursuant to 15 U.S.C. § 1692k, FMS is liable to the Plaintiff and the Class A Members to whom it sent the letter.

## SECOND CAUSE OF ACTION – CLASS B
### Class B Claims for Violations of Conn. Gen. Stat. §§ 42-110 *et. seq.*

31. Paragraphs 1 through 23 are herein incorporated.

32. FMS violated CUTPA by falsely representing the class members' rehabilitation and consolidation rights.

33. FMS' acts as described above were against public policy, and were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

34. The Class B Members have sustained an ascertainable loss as a result of FMS' acts in that they were denied the flexibility to which they were entitled.

35. FMS is liable to Class B Members for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

36. Plaintiff seeks an order for injunctive relief compelling FMS to provide accurate descriptions of rehabilitation and consolidation rights in all communications and that they afford him, the Class Members, and other student loan debtors with their rights under federal law.

WHEREFORE, the Plaintiff seeks on behalf of himself and the class members statutory damages, actual damages, punitive damages, injunctive relief, and a reasonable attorney's fee, and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF, KENNETH LINSLEY,
Individually And On Behalf Of The Class,


By: /s/ Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457

Joshua R.I. Cohen, Fed Bar No. ct27939
jcohen@TheStudentLoanLawyer.com
Law Office of Joshua RI Cohen, LLC
2074 Park Street, 2nd Floor
Hartford, CT 06023
Tel (860) 233-0338 Fax (860) 233-0339

Brian L. Bromberg, Fed Bar No. ct26967
brian.bromberg@brianbromberg.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908