UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH LINSLEY, : <br> INDIVIDUALLY AND ON BEHALF : <br> OF ALL OTHERS SIMILARLY : <br> SITUATED, : <br>     PLAINTIFF, : <br>                               : <br>                               : <br>     v.                            : <br>                               : <br> FMS INVESTMEN CORP., : <br>     DEFENDANT. : | CIVIL ACTION NO. 3:11cv961 (VLB) <br><br> JANUARY 10, 2013 |

**MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL [DKT. #34]**

    Before the Court is Plaintiff, Kenneth Linsley's ("Linsley") motion for class certification and appointment of class counsel. Plaintiff alleges that Defendant FMS Investment Corp. ("FMS") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., in connection with the collection of federal student loan debt by falsely representing the law governing the required sequence of loan rehabilitation payments. For the foregoing reasons, the Court grants Plaintiff's motion for class certification and appointment of class counsel.

    **Background**

    On June 5, 2011, Linsley filed his original complaint alleging violations of both the FDCPA and Connecticut's Uniform Trade Practices Act, ("CUTPA"), Conn. Gen. Stat. §42-110a-42-110q. [Dkt. #1]. Linsley's complaint alleged that Defendant FMS is a Maryland Corporation headquartered in Illinois and engaged in the collection of consumer debts. [Dkt. # 1, Compl. at ¶ 3]. Linsley was a debtor

1

with federal student loans that were in default status. *Id.* at ¶ 6. Linsley's loans were assigned to FMS for collection purposes. *Id.* at ¶ 7.

Linsley alleged that FMS sent him a letter misrepresenting the options to cure his loan default under the Income Contingent Repayment Program (ICRP). He alleged that FMS sent him a letter stating that he had two options to cure the default. The first was rehabilitation and the second was consolidation. He alleged that the letter falsely stated that in order to rehabilitate the loan he had to "[m]ake 9 consecutive agreed upon monthly payments to qualify" in a ten month period. *Id.* at ¶ 9. Linsley further alleges that the letter falsely stated that to consolidate his loans he had to "make four —consecutive monthly payments." *Id.* at ¶ 10.

Linsley alleged that FMS violated both the FDCPA and CUTPA by "falsely representing the law governing the amount of time in which the required nine payments for rehabilitation were to be made" and "falsely representing the law governing the number of payments required for consolidation and the repayment options available to avoid having to pay any required payments for consolidation." *Id.* at ¶¶ 28–29, 32.

The complaint alleges that under 20 U.S.C. § 1078–6, 34 C.F.R. § 685.212(f),[1] and 34 C.F.R. § 682.405(b)(1)(ii), a debtor must make nine payments within ten consecutive months to rehabilitate a loan that rather than the nine months stated in the letter. *Id.* at ¶ 11. Linsley further alleges that under 34 C.F.R. §§ 685.220(d)(1)(ii)(C), 682.201(d)(1)(i)(A)(3), 685.102(b), 682.200(b) consolidation is

---

[1]It appears that Plaintiff erred in citing 34 C.F.R. section 685 .212(f). The appropriate section is 34 C.F.R. section 685.211(f)(1).

2

allowed if "satisfactory repayment arrangements have been made" and satisfactory repayment has been defined as "the making of three consecutive, voluntary, on-time full monthly payments on a defaulted loan." *Id.* at ¶ 12.  Lastly, Linsley alleged that 34 C.F.R. §§ 685 .220(d)(1)(ii)(D), 682.201(d)(1)(i)(A)(3) allow for consolidation without any qualifying payments if the borrow agrees to repay a loan under an ICRP, an Income Sensitive Repayment Plan (ISRP), or an Income Based Repayment Plan (IBR) depending on the loan type. *Id .* at ¶ 13.  In the original complaint, Linsley sought statutory, actual as well as punitive damages on behalf of himself and the class members.  *Id.*

Linsley moved to certify two classes on the basis of the allegations in the original complaint.  [Dkt. #34].  Class A was defined as follows:  "Individuals in Connecticut who are similarly situated to the Plaintiff, in that, within one year of the commencement of this action they have been subjected to collection attempts by the Defendant on account of a consume obligation and to whom the Defendant sent a Terms letter stating "Make 9 consecutive agreed upon monthly payments to qualify." *Id.* at 4.  Class B was defined was follows: "Individuals in Connecticut who are similarly situated to the Plaintiff, in that, within three years of the commencement of this action that have been subjected to collection attempts by the Defendant on account of a consume obligation and to whom the Defendant sent a Terms letter as described in Class A." *Id.* at 5.

FMS filed a motion to dismiss Linsley's CUTPA claim arguing that the HEA preempted such cause of action.  [Dkt. #16].   The Court granted the motion to dismiss agreeing that the HEA preempted the alleged CUTPA claim. [Dkt. #36].  In

3

light of the fact that the Court dismissed Linsley's CUTPA claim, the Court ordered Plaintiff to show cause why this Court should not deny Plaintiff's motion to certify its proposed Class B as those claims would be barred by the FDCPA's one-year statute of limitations. [Dkt. #54]. Linsley responded to the Court's show cause order explaining that the Class B claim was predicated on the CUTPA claim which was now dismissed and conceded that the Class B claim was no longer a part of this case. [Dkt. #59]. Linsley also moved for leave to amend the complaint to remove the CUTPA and Class B claim. Linsley also sought leave to withdraw his claim for actual damages indicating that the proposed amended complaint only seeks statutory damages on behalf of the class. *Id.* In addition, the proposed amended complaint only asserts an FDCPA claim in connection with FMS's alleged false representation of the law governing the amount of time in which payments for loan rehabilitation were to be made; withdrawing his previous claims regarding loan consolidation. Accordingly, the sole remaining claim is for actual damages for Linsley and statutory damages for the class for the misrepresentation of the number and frequency of payments required by law to rehabilitate a loan.

### Legal Standard

"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy" under Fed. R. Civ. P.23; *see also Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999). A "district court may not grant class certification without making a determination that all of the Rule 23 requirements are met." *In re Initial Pub. Offerings Secs.*

*Litig.*, 471 F.3d 24, 40 (2d Cir. 2006). "To be certified as a class, the class must satisfy the four threshold requirements of 23(a): 'the class must be so numerous that joinder of all members is impracticable ('numerosity');'there must be questions of law or fact common to the class (' commonality'); the claims or defenses of the representative parties are typical of the claims or defenses of the class ('typicality'); and the representative parties will fairly and adequately protect the interests of the class ('adequacy of the representation')." *Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 60 (D. Conn. 2011) (citing Fed. R. Civ. P. 23(a)). Additionally, the class must satisfy one of the requirements of 23(b). Fed. R. Civ. P. 23(a)-(b). Here, Linsley seeks certification under 23(b)(3), which provides that a class may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Analysis

FMS has objected to class certification on the grounds that Linsley could not satisfy the adequacy, commonality and typicality requirements under Fed. R. Civ. P. 23. [Dkt. #49]. FMS first argues that Linsley is not an adequate class representative because he rehabilitated his loan and therefore is unable to prove he suffered any actual damages as a result of the alleged FDCPA violation. *Id.* FMS also argues that Linsley's claims are not sufficiently common or typical to warrant certification of the putative class because some class members like him

rehabilitated their loans while other class members did not. *Id.* FMS contends that those members who did rehabilitate their loans would therefore be subject to a unique defense. In addition, FMS argues that Linsley is unable to demonstrate common issues of fact or law because a determination of actual damages would require the Court to engage in an individual analysis of the facts attending each class member's case notwithstanding Lindsey's abandonment of claims for actual damages. *Id.* Lastly, FMS contends that Linsley would not be entitled to statutory damages because courts have refused to award statutory damages for de minimus or technical violations of the FDCPA.

Because Linsley has subsequently withdrawn the claim for actual damages on behalf of class members, FMS's principal argument that class certification is inappropriate because Linsley and certain class members successfully rehabilitated their loans is in apropos. The issue of whether Linsley and other class members rehabilitated their loans is completely separate from the central legal issue of whether the letters FMS distributed to class members violated the FDCPA. Indeed, the fact that Linsley and certain other class members successfully rehabilitated their loans is only relevant to the issue of actual damages and not statutory damages. As Linsley points out, statutory damages will be determined without regard to individual questions of harm. The Second Circuit interprets the FDCPA as a strict liability statute. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996). "A debt collector who violates the FDCPA is liable to the victim for damages." *Dimovski v. Tolisano & Danforth, L.L.C.*, No.3:10-cv-206(JCH), 2011 WL 1638051, at *3 (D. Conn. April 29, 2011) (citing 15

6

U.S.C. §1692k).  "Even if the victim does not suffer any actual damages as a result of the violation, the debt collector is still liable for 'such additional damages as the court may allow, but not exceeding $1,000.'"  *Id.* (quoting 15 U.S.C. §1692k(a)(2)).  Consequently, even if those class members like Linsley who successfully rehabilitated their loans would not be entitled to any actual damages as a result of the alleged FDCPA violation, they would still be entitled to statutory damages not exceeding $1,000.  Whether or not a class member rehabilitated his or her loan is therefore irrelevant to the issue of whether such class members is entitled to statutory damages upon a finding that FMS violated the FDCPA.  In view of the fact that Linsley has withdrawn his claim for actual damages on behalf of the class, FMS's arguments that Linsley is not an adequate class representative and that Rule 23's commonality and typicality requirements have not be satisfied are no longer meritorious.

      i.     **Numerosity**

FMS concedes that the numerosity requirement has been met because the estimated class consists of 1,439 members.

      ii.    **Commonality**

The second requirement for class certification is that "there are questions of law or fact common to the class"  Fed. R. Civ. P. 23(a)(2).  Class members must have claims that "depend upon a common contention," that is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, ——, 131 S.Ct. 2541, 2551

(2011). "Courts have found that 'the test for commonality is not demanding' and is met so long as there is at least one issue common to the class." *Raymond v. Rowland*, 220 F.R.D. 173, 179 (D. Conn. 2004) (quoting *Mullen v. Treasure Chest Casino, LLC.*, 186 F.3d 620, 625 (5th Cir. 1999)). "A court may find a common issue of law even though there exists some factual variation among class members' specific grievances." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).

In the present case, the important common factual issue is the content of the letters that FMS distributed and the central common legal issue is whether that language is actionable under the FDCPA. See *Ellis*, 274 F.R.D. at 60-61 (finding commonality requirement satisfied in an identical case). As discussed above, FMS's arguments that there is no commonality because certain class members like Linsley rehabilitated their loans only relates to the issue of actual damages which has been withdrawn. Regardless of whether a class member rehabilitated his or her loan or not, each class member would be entitled to statutory damages upon a finding that FMS's language was actionable under the FDCPA. As noted above, even where there is no actual damages stemming from an alleged FDCPA violation, statutory damages are still available. Consequently, the Court would not be required to engage in an individual analysis of the facts attending each class member's case in the absence of a claim for actual damages. The commonality requirement is therefore satisfied.

    iii.    Typicality

The third requirement for class certification is that the "the claims or defenses of the representative parties are typical of [those] of the class." Fed. R. Civ. P. 23(a)(3).  The Supreme Court has observed that "the commonality and typicality requirements of Rule 23(a) tend to merge.  Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).  Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. [M]inor variations in the fact patterns underlying [the] individual claims" do not preclude a finding of typicality. By contrast, unique defenses that threaten to become the focus of the litigation may preclude such a finding." *Sykes v. Mel Harris and Assoc., LLC*, 285 F.R.D. 279, 287 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

In the present case, each class member's claim arise from the same course of events in that each member received an identical debt collection letter from FMS and each member makes the same argument that the language of that letter is actionable under the FDCPA.  As discussed above, the issue of whether certain class members rehabilitated their loans or not is solely relevant to the issue of actual damages and not statutory damages.  Because all class members regardless of whether or not they rehabilitated their loans would be entitled to

statutory damages, the issue of rehabilitation would not be a unique defense that would threaten to become the focus of the litigation in light of Linsley's withdrawal of the claim for actual damages. In addition, FMS's argument that Linsley would not be entitled to statutory damages because courts have refused to award statutory damages for de minimus or technical violations of the FDCPA is not an unique argument or defense to Linsley or those class members who rehabilitated their loans. The issue of whether statutory damages are available for a de minimus or technical violation of the FDCPA is an argument or defense that would be common to all class members and thus typical of the entire class. Therefore, this Court finds that the typicality requirement is satisfied.

    iv.    Adequacy

Rule 23(a)(4) requires that class representatives will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must inquire as to whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.,* 222 F.3d 52, 60 (2d Cir.2000). The Court does not find that Linsley's interests are antagonistic to the interests of other members of the class in light of the fact that Linsley has withdrawn the claim for actual damages. As discussed above, the issue of loan rehabilitation only relates to actual not statutory damages which has been withdrawn from the case. Because class members who rehabilitated as well as class members who did not would both be entitled to statutory damages on the same theory of liability, this Court finds that Linsley is

an adequate class representative. As Linsley points out, those class members who failed to rehabilitate their loans and wish to pursue individual claims for actual damages may opt out of the class action. Because the class action solely seeks statutory damages, Linsley possesses the same interests and suffered the same injury as other class members which makes him an adequate representative. Lastly, the parties have not raised any concerns that Linsley's counsel are not qualified, experienced, or able to conduct the litigation. In addition, Linsley's counsel appear to be experienced litigators. See [Dkt. #34, Att. 2-4 , Blinn, Bromberg and Cohen Affidavits]. The Court therefore finds that the adequacy requirement has been satisfied.

    v.    Rule 23(b)(3) requirements

Under Rule 23(b)(2), "[c]lass-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (citation omitted). "[A]lthough a defense may arise and may affect different class members differently, [this occurrence] does not compel a finding that individual issues predominate over common ones. So long as a sufficient constellation of common issues binds class members together, variations in the sources and application of a defense will not automatically foreclose class certification." *In re Nassau Cnty. Strip Search Cases,* 461 F.3d 219, 225 (2d Cir.2006) (internal quotation marks and citations omitted).

FMS argues that common issues of fact or law do not predominate over individual issues of liability and damages because certain class members included Linsley rehabilitated their loans while others did not.  FMS's entire argument as to predominance is predicated on the issues attending determining actual damages and has been rendered moot.   As the issues of individualized proof that FMS raises relates solely to the determination of actual damages which Linsley no longer seeks, the common questions of law or fact as to whether the language of FMS's debt collection letters violated the FDCPA predominate over any question affecting only individual members constituting a sufficient constellation of common issues that binds class members together.

As another court in this district noted in an identical case, "[t]here are numerous cases from this district certifying FDCPA class actions involving collection letters under Rule 23(b)(3)."  *Ellis*, 274 F.R.D. at 61 (collecting cases).  As the *Ellis* court concluded, "[a]lthough the letters in this case were letters outlining the terms of the loan rehabilitation program rather than debt collection letters, because the letters were identical or nearly identical, the legal and factual issues in this case are similarly resolvable through generalized proof."  *Id.* at 61 n.3.  Because class wide statutory damages are available without regard to individualized questions of harm, FMS's arguments that the class claims do not predominate over individual claims is unpersuasive and the Court finds that class-wide issues predominate.

In addition, Rule 23(b)(3) requires the Court to assess whether a class action is superior to other available methods for fairly and efficiently adjudicating

the controversy." Fed. R. Civ. P. 23(b)(3). "Considerations relevant to finding superiority include the following: '(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.'" *Sykes*, 285 F.R.D. at 288 (quoting Fed. R. Civ. P. 23(b)(3)(A)-(D)). As the *Ellis* court concluded in an identical case, it is unlikely that class members would have an interest in controlling the prosecution of this case. 274 F.R.D. at 62. In addition, because all class members are Connecticut residents it is desirable to concentrate the litigation in this forum and there does not appear to be substantial difficulties in managing the class action. As the *Ellis* court commented "[i]ndeed, '[s]uits brought under the FDCPA such as this case regularly satisfy the superiority requirement of Rule 23 ... [T]he prospect of relatively small recovery on individual adjudications of identical issues with differing results makes class form superior to individual litigation by class members.'" *Id.* (quoting *Petrolito v. Arrow Financial Servs., LLC,* 221 F.R.D. 303, 314 (D.Conn.2004)). The Court therefore finds that the class action vehicle is a superior form for adjudication of the controversy and that Rule 23(b)(3)'s requirements are satisfied.

In view of the fact that Linsley has withdrawn the claim for actual damages, this Court finds that certification of a class action seeking solely statutory damages under the FDCPA to be appropriate. However considering that actual

damages are also available under the FDCPA, the class notice should prominently contain language advising class members that the FDCPA permits recovery of both statutory and actual damages, that the class action seeks only statutory damages and that should a class member wish to recover actual damages in connection with his or her case that member should be encouraged to opt out of the class and pursue an individual action.

      vi.     Appointment of class counsel

Linsley's attorneys have petitioned the Court to be appointed as class counsel pursuant to Rule 23(g).  In appointing class counsel, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action;(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  The Court can also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  After consideration of these factors, Linsley has introduced evidence that his attorneys have the requisite experience prosecuting FDCPA class actions, have investigated potential claims and have the resources to commit to representing the class.  See [Dkt. #34, Att. 2-4 , Blinn, Bromberg and Cohen Affidavits].  The Court therefore finds it appropriate to appoint Linsley's counsel as class counsel.

**Conclusion**

For the aforementioned reasons, the Court grants Plaintiff's [Dkt. #34] motion for class certification and appointment of class counsel.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: January 10, 2013