UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| KENNETH LINSLEY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff | ) ) ) ) | CASE NUMBER: 3:11-CV-00961-VLB |
| v. | ) ) ) | |
| FMS INVESTMENT CORP. Defendant | ) ) ) | JUNE 2, 2014 |

---

## ORDER AND FINAL JUDGMENT OF DISMISSAL

THIS MATTER is before the Court for approval of the proposed class action settlement (the "Settlement") set forth in the *Settlement Agreement and Release* (the "*Settlement Agreement*") filed with the Court on August 5, 2013. Following a fairness hearing conducted by this Court on May 13, 2014, at which no class members appeared, and after having considered all pleadings and supporting material filed in the case and all proceedings had herein; and further, being sufficiently informed in the matter, this Court finds that the proposed Settlement set forth in the *Settlement Agreement* is fair, reasonable and adequate and should be approved as more fully set forth below.

The total number of Class Members (as that term is defined in the *Settlement Agreement*) is approximately 1,439. Actual notice was sent by first-class mail to each Class Member at their respective last known mailing address. Additionally, the claims administrator, First Class, Inc., updated the addresses of the Class Members and re-mailed returned notices that were deliverable to the newer addresses. There were no objections to the Settlement and 5 Class

1

Members opted-out of this lawsuit. All but those 5 individuals who opted out of the class remain "Class Members" as that term is used in this order.

The Court hereby enters this Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits. Good cause appearing therefore, it is hereby FOUND, ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all parties to this lawsuit.

2. The definitions of terms set forth in the *Settlement Agreement* and in the *Order Concerning Notice and Scheduling* are incorporated herein as though fully set forth in this Final Judgment.

3. The Court hereby approves the Settlement set forth in the *Settlement Agreement* and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class Members subject to the parties' agreement in Court that the settlement funds be allocated to class members who could not be located (i.e. 382 persons) would be re reallocated to the other class members.

4. Plaintiff, individually and on behalf of the Class Members, sought relief, *inter alia*, from Defendant's conduct allegedly undertaken in violation of the Fair Debt Collection Practices Act. This Court reaffirms that this action satisfies the requirements of Rule 23 with respect to the Settled Claims, as more fully described in the *Settlement Agreement*.

5. Due notice was provided to all potential Class Members. Such notice advised potential Class Members that they would be treated as Class Members unless they opted out by procedures set forth in the notice. As noted above, five of the 1,439 Class Members have opted out by the procedures set forth in the Notice.

6. The parties are ordered promptly to carry out their respective obligations under the *Settlement Agreement*.

7. Neither this Final Judgment nor the *Settlement Agreement* or the fact that this case has been settled (a) is an admission, concession, or indication by Defendant of the validity of any claims in this case or of any liability, wrongdoing, or violation of law by Defendant; (b) shall be used as an admission of any fault, liability or wrongdoing by Defendant; or (c) shall be offered or received in evidence as an admission, concession, presumption or inference against Defendant in any proceeding other than such proceedings as may be necessary to consummate or enforce this Stipulation or the provisions of any related order, notice, agreement or release, or to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

8. This Court hereby dismisses this lawsuit on the merits and with prejudice against all persons who are Class Members as to all Settled Claims against Defendant, as those terms are defined in the *Settlement Agreement*.

9. All Class Members are hereby conclusively deemed to have released and discharged the Released Parties as to all Settled Claims. Notwithstanding the

above, Plaintiff and the other Class Members have not released or discharged

Defendant from performing their obligations under the *Settlement Agreement*.

10. All Class Members are hereby barred and permanently enjoined from

prosecuting, commencing, or continuing any of the Settled Claims against

Defendant.

11. The *Notice* annexed as *Exhibit C* to the *Settlement Agreement* which

sets forth the principal terms of the *Settlement Agreement*, together with the

manner of distribution of said notice by first-class mail to all Class Members who

could be identified through reasonable efforts as entitled to compensation under

the *Settlement Agreement*, constituted the best notice practicable under the

circumstances. Said notice fully satisfied the requirements of Rule 23 and of due

process.

12. FMS shall distribute the settlement funds in equal shares of $42.40 to

the 1,052 Class Members for whom good addresses were obtained within 30 days

from the date of this order.

13. Any remaining funds that cannot be distributed to the Class Members

within six months of the date of this Order, shall, upon thirty (30) days prior

notice to the Class Members who have not claimed their funds, be distributed *cy*

*pres* to the Connecticut Bar Foundation.  This is an appropriate organization in

which to award these funds because their 2014 grantees were the Center for

Children's Advocacy which provides legal advice to poor children statewide,

Children's Law Center which provides representation to poor children in Hartford,

New Britain, New Haven, Tolland, Waterbury and Windham Judicial Districts,

Connecticut Fair Housing Center which represents low-income people who have been victims of housing discrimination, Connecticut Legal Rights Project which represents low-income people in state psychiatric hospitals and after discharge; Connecticut Legal Services which provides general legal assistance in all areas of the state except Hartford and New Haven Counties; Connecticut Veterans Legal Center which provides legal assistance to Connecticut veterans; Greater Hartford Legal Aid provides general legal assistance in the greater Hartford area; Lawyers for Children America provides representation to poor children in Fairfield, Hartford, Litchfield, Middlesex, New Haven, and Tolland Counties. New Haven Legal Assistance provides general legal assistance in New Haven County; Statewide Legal Services of Connecticut provides intake, self-help, and brief service for low-income people and offers referrals to the other legal services organizations in the state; and the website, www.ctlawhelp.org, developed by Connecticut's legal aid programs to help people with very limited income find solutions for their legal problems.

14. FMS shall distribute $3,000 to the named Plaintiff and class representative, Kenneth Linsley, for his time and effort in representing the class, within 30 days from the date of this order.

15. For good cause shown as compensation for its legal services to the class, Class Counsel is awarded fees of $40,000, inclusive of costs and expenses, payable by Defendant to Class Counsel within 30 days following the Effective Date.

5

16. Class Counsel is hereby ordered to file on the docket a report to the Court, with a courtesy copy to Defendant's counsel, within 30 days following the distribution of funds, providing an accounting of the distribution of the Settlement Fund.

17. Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and distributions to Class Members and others; (b) disposition of Settlement funds; (c) this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the *Settlement Agreement* has been performed; and (d) all parties to this lawsuit and the Class Members for the sole purpose of enforcing and administering the *Settlement Agreement*.

18. This Order constitutes a final judgment.

_____/s/_____
Vanessa L. Bryant

SIGNED this 2nd day of June, 2014.

6